By the Court.

In the year 1809, Ellinghaus and Remy, who had been in a general partnership, finding themselves in failing circumstances, called a meeting of their creditors, and entered with them into an amicable arrangement, the principal clause of which was that they should, in the presence and with the consent of the syndics of theif creditors, expose for sale so much of their property as would be sufficient to pay all their debts. The terms of sale were to be six and twelve months, and the proceeds were to be paid into the hands of the syndics. In the mean time, the debts were to bear an interest of ten per cent, from the time they liad respectively become due.
*386 About one month after that, Ellinghaus and Remy presented their, bilan before the then Superior Court of the Territory of Orleans, and obtain- ... ed a stay of proceedings against their persons and property. A meeting of their creditors was then called, under the. authority of the Court, at which meeting the creditors agreed that the sale of the property of Ellinghaus and Remy should be effected according to the terms already fixed, and confirmed the nomination of the Syndics already chosen. These proceedings were duly homologat-ed ; and the greater part of the property tendered in the bilan was sold. But before a final settlement of the affairs of Ellinghaus and Remy took place, Remy sold ten of the slaves mentioned in the schedule. Posterior,, to that sale a judgment Qf the Superior Court liquidated the balance due by Ellinghaus and Remy to their creditors at the spm of ⅝ 6327, 4*2 ; and to obtain payment <jf that balance, the syndics have brought the present suit against the holder of those slaves.
"^iTtjouT taking into consideration the multi-, plicity of incidents, which have swelled the record of this case to its present enormous bulk, and particularly the different sales and transfers by which; Remy and his agents have éndeavoured to put the property in contest out of the reach of his creditors, there can be no doubt that a sale, made under the circumstances in which Remy was placed, is void* *387 on two grounds ; void, as done bv a person who had no right to, sell ; and void, as done in fraud of the creditors. No reasoning is deemed ne- . . , cessary to shew either.
Let the judgment of the District Court be ¿{firmed with costs.